**SIGMON FUEL COMPANY,**
**Plaintiff-Appellant,**

v.

**TENNESSEE VALLEY AUTHORITY,**
**Defendant-Appellee.**

No. 82–5148.

United States Court of Appeals,
Sixth Circuit.

Argued March 9, 1983.

Decided June 13, 1983.

Rehearing Denied July 25, 1983.

William G. Cockrill (argued), McCord & Cockrill, Knoxville, Tenn., for plaintiff-appellant.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Associate Gen. Counsel, Robert C. Glinski (argued), Edwin W. Small, Knoxville, Tenn., for defendant-appellee Tennessee Valley Authority.

Before LIVELY and CONTIE, Circuit Judges, and WEICK, Senior Circuit Judge.

CONTIE, Circuit Judge.

Sigmon Fuel Company, an assignee of the proceeds of a coal mining contract between the Tennessee Valley Authority (TVA) and J.L. Thacker, Inc. (Thacker), appeals from the district court's order granting the TVA's motion for summary judgment, 531 F.Supp. 80 (E.D.Tenn.1982), and an order denying Sigmon Fuel's subsequent *Fed.R. Civ.P.* 59 motion to alter or amend judgment. The sole issue necessary for our determination is whether the TVA was barred by the Assignment of Claims Act of 1940, 31 U.S.C. § 203 and 41 U.S.C. § 15, from recovering amounts previously paid out for reclamation work by a set-off against unpaid invoices for delivered coal. We hold that the recovery of such overpayments is prohibited by the 1940 Act and reverse the district court's judgment.

## I

On June 5, 1978, the TVA entered into a three-year surface-mined coal contract. The contract provided that Thacker must perform reclamation to the TVA's satisfaction. To guarantee the proper performance of the required reclamation, the contract provided that the TVA would withhold prescribed amounts from each invoice and hold these funds in a "Reclamation Account" and a "Contract Performance Escrow Account." The contract further provided that the contractor, Thacker, would be liable for any amounts over and above the two accounts which was necessary for reclamation. Finally, the contract price for the coal included an amount to cover Thacker's reclamation costs.

On July 7, 1978, Thacker assigned its right to proceeds under the contract to Sigmon Fuel pursuant to the Assignment of Claims Act of 1940, 31 U.S.C. § 203 and 41 U.S.C. § 15. The assignment was approved by the TVA. Sigmon Fuel acted as a factor. Thacker would deliver coal to the TVA and present invoices to Sigmon Fuel which would then advance money to Thacker. TVA would subsequently make payment directly to Sigmon Fuel on the invoices.

In early 1980, the TVA became aware of Thacker's failure to do the required reclamation work. In June 1980, the TVA terminated its contract with Thacker due to the lack of reclamation and subsequently contracted with a company to perform the necessary reclamation. All of the funds held in the reclamation and escrow accounts were applied to cover the cost of reclamation. Since these two accounts were insufficient to pay the reclamation contract, the TVA also withheld approximately $175,000 from unpaid invoices on delivered coal which represented the amount that the TVA had previously paid for costs incurred due to reclamation. The unpaid invoices were for coal which had been delivered by Thacker in February and May of 1980 and for which Sigmon Fuel had advanced funds to Thacker. On appeal, Sigmon Fuel does not challenge the TVA's use of the funds in the reclamation and escrow accounts but rather is only contesting the withholding of the $175,000 from unpaid invoices.

## II

Sigmon Fuel advanced several claims in this action but we only address its contention that the TVA was barred by the Assignment of Claims Act of 1940 from recovering amounts previously paid for reclamation by a set-off against unpaid invoices.

The Assignment of Claims Act of 1940 provides in part that:

> [N]o liability of any nature of the assignor to the United States . . . whether arising from or independently of such contract, shall create or impose any liability on the part of the assignee to make restitution, refund, or repayment . . . to the United States of any amount . . . received under the assignment.

31 U.S.C. § 203 and 41 U.S.C. § 15. The purpose of the Act, "was to make it easier for government contractors to secure financing for carrying out of obligations to the government to the end that government contracts may be speedily and effectively performed." *United States v. Hadden,* 192 F.2d 327, 329 (6th Cir.1951).

We agree with the TVA that the Act does not flatly prohibit set-offs. The Act does, however, clearly prohibit the TVA from requiring an assignee such as Sigmon Fuel to repay amounts received under the assignment. Since the TVA may not require Sigmon Fuel to repay funds received under the assignment, it also may not indirectly achieve the identical result by setting-off the amounts previously paid against amounts subsequently due. *Mercantile National Bank at Dallas v. United States,* 280 F.2d 832, 837 (Ct.Cl.1960). As the court noted in *Mercantile Bank:*

> Surely the purpose of the statute cannot be frustrated by the Government's paying itself by offset, instead of suing to get its money back. The statute is a drastic one, written to correct what experience had shown to be frequent occurrences in which assignees, having in good faith financed Government suppliers, found themselves subjected to refunds or

offsets because of mistakes or discoveries made by Government fiscal officers.

*Id.*

In its unpublished memorandum order denying Sigmon Fuel's Rule 59 motion to amend judgment, the district court recognized the limited *Mercantile Bank* exception to the rule allowing the government to set-off against amounts due to assignees but found that *Mercantile Bank* was limited to cases of overpayments and found no overpayments in this case. We agree that the rule set forth in *Mercantile Bank* is limited to cases where the government seeks to recoup overpayments through the use of set-offs against amounts subsequently due but we do not agree with the district court's conclusion that no overpayments had been made by the TVA.

The undisputed facts clearly show that the TVA was attempting to recoup amounts which had previously been paid to Thacker to cover reclamation costs. Under the contract, each payment for coal included a specific added amount to cover reclamation costs. When the TVA learned that Thacker was not performing the required reclamation work, it sought to recover the payments it had made by setting-off that amount against unpaid invoices for coal which had been delivered. The TVA itself admitted the plan to recover overpayments in its letter to Thacker and Sigmon Fuel advising them that the contract was being terminated:

> [B]ecause of J.L. Thacker Inc.'s failure to perform reclamation, approximately $176,000, which is the amount TVA previously paid the contractor for costs incurred due to the Surface Mining Control and Reclamation Act of 1977, will be withheld from unpaid invoices.

[Letter dated June 17, 1980]. A similar admission can be found in the affidavit of Tony Parrish, a purchasing agent for the TVA. In Paragraph 4 of his affidavit, Parrish states that in 1979 the contract price for coal was raised to cover increased reclamation costs. In Paragraph 5 of his affidavit, Parrish details the termination of the contract with Thacker and the with-holding of an amount from unpaid invoices which roughly corresponded "to the [amount] paid under contract Supplement No. 7, discussed in paragraph 4 above, for the increased cost of complying with reclamation laws." [Affidavit dated November 21, 1981].

Under the clear language of the Assignment of Claims Act of 1940, the TVA improperly attempted to recover an overpayment to the assignee, Sigmon Fuel. Since there is no genuine disputed issue of material fact, we hold that the district court erred as a matter of law in not entering summary judgment for Sigmon Fuel on its claim under the Assignment of Claims Act of 1940. In light of our holding, we need not discuss Sigmon Fuel's other claims.

Accordingly, the district court's judgment is REVERSED and REMANDED with instructions to enter judgment for Sigmon Fuel in accordance with this opinion.