**SIGMON FUEL COMPANY,**
**Plaintiff-Appellant**

v.

**TENNESSEE VALLEY AUTHORITY,**
**Defendant-Appellee.**

**Nos. 83–5700, 83–5843.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 27, 1984.

Decided Feb. 4, 1985.

---

William G. Cockrill (argued), McCord & Cockrill, Knoxville, Tenn., for plaintiff-appellant.

Herbert S. Sanger, Jr., Gen. Counsel, Tennessee Valley Authority, James E. Fox, Assoc. Gen. Counsel, Robert C. Glinski, Edwin W. Small (argued), Knoxville, Tenn., for defendant-appellee.

Before MARTIN and CONTIE, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CONTIE, Circuit Judge.

Sigmon Fuel Company appeals the district court orders denying Sigmon's motions for prejudgment interest pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601–613, and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. For the reasons that follow, we affirm.

**I.**

On June 5, 1978, the Tennessee Valley Authority (TVA) entered into a coal contract with J.L. Thacker, Inc. under which Thacker agreed to perform reclamation to TVA's satisfaction. The contract price of the coal included an amount to cover Thacker's reclamation costs. On July 7, 1978, Thacker assigned its right to proceeds under the contract to Sigmon Fuel and TVA approved the assignment. Thacker presented invoices for the coal to Sigmon Fuel which then advanced money to Thacker. TVA subsequently made payment directly to Sigmon Fuel on the invoices.

In May 1980, TVA determined that Thacker's reclamation work was inadequate and refused to pay for coal shipped in November 1979. On September 15, 1981, Sigmon Fuel filed a complaint seeking to recover the proceeds due on the invoices pursuant to the Assignment of Claims Act of 1940, 31 U.S.C. § 203 and 41 U.S.C. § 15. The district court granted

TVA's motion for summary judgment, 531 F.Supp. 80, but this court reversed the order of the district court and ordered that summary judgment be entered in favor of Sigmon Fuel. 709 F.2d 440. After the district court entered judgment, Sigmon Fuel moved that the judgment be amended to include an award of $77,233.90 in prejudgment interest and $15,164.41 in attorneys' fees. The district court denied both motions, and Sigmon Fuel appealed.

**II.**

Sigmon Fuel's motion for prejudgment interest cited as support the Prompt Payment Act of 1982, 31 U.S.C. §§ 3901–3906, the Contract Disputes Act, and "other applicable law." The district court determined that the provisions of the Prompt Payment Act were not available to Sigmon Fuel since the Act only applies to claims under contracts executed on or after October 1, 1982, and Sigmon Fuel does not challenge this determination on appeal. The district court also determined that Sigmon Fuel could not recover interest pursuant to the Contract Disputes Act since Sigmon was not a "contractor" as defined by 41 U.S.C. § 601(4) and that the Act's provision for interest, 41 U.S.C. § 611, only applied to claims brought under the Act. On appeal, Sigmon contends that the Contract Disputes Act and federal common law require an award of prejudgment interest.

**A.**

Sigmon's contention that federal common law authorizes an award of interest was not presented to the district court nor did the district court consider such contention. Sigmon's reference to "other applicable law" does not squarely present the argument that Sigmon was entitled to interest pursuant to federal common law. In the interests of judicial economy and the finality of judgments, and mindful of our role as an appellate court, we have declined to review arguments not presented to the district court in the first instance. *In re White Motor Corp.*, 731 F.2d 372, 375 (6th Cir.1984); *American Meat Institute v.*

*Pridgeon,* 724 F.2d 45, 46 (6th Cir.1984); *Lyle v. Koehler,* 720 F.2d 426, 428–29 (6th Cir.1983); *Brown v. Marshall,* 704 F.2d 333, 334 (6th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 120, 78 L.Ed.2d 119 (1983); *Wolfel v. Sanborn,* 666 F.2d 1005, 1007 (6th Cir.1981), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 751, 74 L.Ed.2d 969 (1983); *Bannert v. American Can Company,* 525 F.2d 104, 111 (6th Cir.1975), *cert. denied,* 426 U.S. 942, 96 S.Ct. 2662, 49 L.Ed.2d 394 (1976). Therefore, since Sigmon Fuel failed to press its entitlement to interest under federal common law before the district court, we do not consider that argument on appeal.

### B.

■ Sigmon challenges the district court's determination that Sigmon was not entitled to recover interest pursuant to the Contract Disputes Act because Sigmon was not a "contractor" covered by the Act.[1] 41 U.S.C. § 611 provides in pertinent part:

> Interest on amounts found due contractors on claims shall be paid to the contractor from the date the contracting officer receives the claim pursuant to section 605(a) of this title from the contractor until payment thereof.

However, 41 U.S.C. § 611 only applies where the "contractor" has elected to proceed under the Act. *Paragon Energy Corp. v. United States,* 645 F.2d 966, 971 n. 7, 227 Ct.Cl. 176 (1981). *See Monroe M. Tapper & Associates v. United States,* 611 F.2d 354, 357, 222 Ct.Cl. 34 (1979). Section 16 of the Act provides:

> This Act shall apply to contracts entered into one hundred twenty days after the date of enactment. Notwithstanding any provision in a contract made before the

effective date of this Act, the contractor may elect to proceed under this Act with respect to any claim pending then before the contracting officer or initiated thereafter.

Pub.L. No. 95–563 § 16. The Act was enacted on November 1, 1978, and applies to all contracts entered into after March 1, 1979. Therefore, even if Sigmon is a "contractor", the Act is applicable only if Sigmon elected to proceed under the Act.

Sigmon never filed a claim in this case as required by 41 U.S.C. § 605(a) but attempted to intervene in the administrative proceeding between Thacker and TVA regarding TVA's termination of the coal contract due to inadequate reclamation. Sigmon's motion to intervene was denied by the TVA Board of Contract Appeals on the ground that Sigmon was not a "contractor" within 41 U.S.C. § 601(4) which defines a "contractor" as "a party to a Government contract other than the Government." Sigmon did not appeal the decision of the board of contract appeals.[2]

■ The Contract Disputes Act is a waiver of sovereign immunity, and must, therefore, be strictly construed. *Erickson Air Crane Co. of Washington, Inc. v. United States,* 731 F.2d 810, 813 (Fed.Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract."); *Fidelity Construction Company v. United States,* 700 F.2d 1379, 1383 (Fed.Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983). *See United States v. New York Rayon Importing Co.,* 329 U.S. 654, 658–59, 67 S.Ct. 601, 603–04, 91 L.Ed. 577 (1947); *Rawlins v. United States,* 686 F.2d 903, 914 (Ct.Cl. 1982). Sigmon's decision to proceed by a

---

**1.** Although counsel for Sigmon extensively briefed the issue of whether Sigmon was entitled to interest pursuant to the Contract Disputes Act, counsel conceded at oral argument that the Act was not *per se* applicable to Sigmon's claim and was applicable only by analogy for the purpose of establishing an interest rate.

**2.** Sigmon was entitled to appeal the decision of the TVA Board of Contract Appeals pursuant to 41 U.S.C. § 607(g)(2)(A) which provides:

Notwithstanding the provisions of paragraph (1), the decision of the board of contract appeals of the Tennessee Valley Authority shall be final, except that—

(A) a contractor may appeal such a decision to a United States district court pursuant to the provisions of Section 1337 of Title 28, within one hundred twenty days after the date of receipt of a copy of such decision.

direct action in district court, rather than to appeal the decision of the TVA Board of Contract Appeals constitutes an election not to proceed under the Act. Therefore Sigmon is not entitled to an award of prejudgment interest as provided by 41 U.S.C. § 611.[3]

### III.

■■■ The district court denied Sigmon's application for attorneys' fees on the ground that TVA's position in the case was substantially justified. 28 U.S.C. § 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[4]

A party that prevails in a case is entitled to attorneys' fees, *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 830 (7th Cir. 1984); *Ramos v. Haig,* 716 F.2d 471, 473 n. 3 (7th Cir.1983), unless the government shows that its position was substantially justified. *Ferrell v. Pierce,* 743 F.2d 454, 466 (7th Cir.1984); *Timms v. United*

*States,* 742 F.2d 489, 492 (9th Cir.1984); *United States v. 341.45 Acres of Land,* 751 F.2d 924, 938–39 (8th Cir.1984); *Nichols v. Pierce,* 740 F.2d 1249, 1259 (D.C.Cir.1984); *Blitz v. Donovan,* 740 F.2d 1241, 1244 (D.C.Cir.1984); *Ashburn v. United States,* 740 F.2d 843, 850 (11th Cir.1984); *Berman v. Schweiker,* 713 F.2d 1290, 1293 n. 9 (7th Cir.1983); *Howard v. Heckler,* 581 F.Supp. 1231, 1233 (S.D.Ohio 1984). Whether or not the government's position is substantially justified is judged by the reasonableness of the government's position.[5] *Wyandotte Savings Bank v. NLRB,* 682 F.2d 119, 120 (6th Cir.1982). *See Washington Urban League v. FERC,* 743 F.2d 166, 168 (3rd Cir.1984); *Timms,* 742 F.2d at 492; *341.45 Acres of Land,* 751 F.2d at 940; *Ashburn,* 740 F.2d at 850; *Ramos v. Haig,* 716 F.2d at 473; *Citizens Coalition for Block Grant Compliance v. City of Euclid,* 537 F.Supp. 422, 426 (N.D.Ohio 1982), *aff'd,* 717 F.2d 964 (6th Cir.1983). H.R. Rep. No. 96–1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4953, 4984. "The government must therefore show that there is a reasonable basis in truth for the facts alleged in the pleadings; that there exists a reasonable basis in law for the theory it propounds and that the facts alleged will reasonably support the legal theory advanced." *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1487 (10th Cir.1984).

■■■ This court has recently held that the proper standard of review in this type of case is whether the district court abused its

**3.** Further, Sigmon's contention that the Contract Disputes Act applies to this case conflicts with 28 U.S.C. § 1346(a)(2) which provides in pertinent part:

[T]he district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

Therefore, if the Contract Disputes Act controls this case, the district court would have had no jurisdiction to consider Sigmon's claim. *Great Lakes Educational Consultants v. Federal Emergency Management Agency,* 582 F.Supp. 193, 194 (W.D.Mich.1984).

Since we conclude that Sigmon elected not to proceed under the Act, we need not consider whether Sigmon, as an assignee, had standing as a "contractor" to maintain a claim under the Act.

**4.** Subsection (d) of 28 U.S.C. § 2412 was repealed effective October 1, 1984. Pub.L. 96–481 § 204(c).

**5.** We need not consider whether 28 U.S.C. § 2412(d)(1)(A)'s reference to the "position of the United States" refers to the initial government action or the government's position in the litigation since the two positions are indistinguishable in this case.

discretion. *Westerman, Inc. v. NLRB*, 749 F.2d 14 at 17 (6th Cir.1984). In this context, however, the term "abuse of discretion" takes on a special meaning. *Spencer v. NLRB*, 712 F.2d 539, 565 (D.C.Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). With respect to findings based upon the district judge's assessment of the probative value of the evidence, a highly deferential standard of review such as the clearly erroneous standard is in order. *Id.* at 564–65. With respect to the district court's evaluation of the government's legal argument, a *de novo* standard is appropriate. *Id.* at 563–65. *See also Houston Agricultural Credit Corp. v. United States*, 736 F.2d 233, 235 (5th Cir.1984); *2,116 Boxes of Boned Beef*, 726 F.2d at 1486. *But see Ramos v. Haig*, 716 F.2d at 474 (clearly erroneous standard applies to entire question of reasonableness). Because the question of reasonableness in this case only involves a review of the government's legal arguments, a *de novo* standard of review will be used.

■ The district court found that TVA's position was substantially justified, citing the paucity of authority in the decisions of other U.S. Courts of Appeals and the fact that this court's decision on the merits concerned an issue of first impression before this court. The district court held that "[t]he TVA acted under the reasonable belief that it was entitled to set-off against Sigmon's claim to contract proceeds the amount overpaid as a result of the assignor's breach." While the fact that TVA prevailed before the district court on the merits is not conclusive evidence that the government's position was substantially justified, *Broad Avenue Laundry and Tailoring v. United States*, 693 F.2d 1387, 1392 (Fed.Cir.1982), a victory in the district court is evidence that TVA's position was not frivolous. *Martin v. Lauer*, 740 F.2d 36, 43 (D.C.Cir.1984); *Cinciarelli v. Reagan*, 729 F.2d 801, 806 (D.C.Cir.1984).

■ In an initial examination of this conflict a panel of this court found clearly untenable TVA's claim that while the Assignment of Claims Act prevented the government from seeking repayment of the coal contract proceeds, the Act did not prevent TVA from setting-off its damages against future payments. However, the district court had found that because the Act did not specifically prohibit set-off, TVA was entitled to set-off although not to seek repayment. We recognize that the legislative history provides some evidence from which a party could plausibly conclude that a distinction exists under the Act between set-off and repayment. *See* H.R. Rep. No. 376, 82d Cong., 1st Sess., 3, 4 (1951). Whether a position is substantially justified depends on the particular facts of each case. *See Wyandotte Savings Bank*, 682 F.2d at 120 (NLRB position substantially justified despite the contrary precedent in the decisions of this court). In light of the district court's decisions on the merits, the legislative history, and the paucity of authority in this area, we hold that the district court's determination that TVA's position was substantially justified is correct.

Accordingly, the judgments of the district court are AFFIRMED.