**William E. BROCK, Secretary of the United States Department of Labor, Plaintiff,**

v.

**TIC INTERNATIONAL CORPORATION, Defendant and Third-Party Plaintiff,**

**Continental Casualty Company, et al., Third-Party Defendants.**

**No. IP 79–1032–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

July 16, 1986.

Louis L. Joseph, Office of Solicitor of Labor, Plan Benefits Sec. Div., Washington, D.C., and Charles Goodloe, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff.

Jerry P. Belknap, Barnes & Thornburg, Indianapolis, Ind., for defendant and third-party plaintiff.

## CORRECTED ORDER DENYING ATTORNEYS' FEES

NOLAND, Chief Judge.

This matter is before the Court upon the Defendant TIC International Corporation's Application For Allowance Of Its Fees And Expenses, filed February 25, 1985, and TIC's supplemental application, filed March 18, 1986. This Corrected Order and Entry replace the Order Denying Attorneys' Fees and accompanying Memorandum Entry previously issued June 18, 1986 and are being made to correct certain statutory citations and typographical errors.

Whereupon the Court, having considered said application together with the material filed in support thereof and in opposition thereto, and being duly advised in the premises, hereby DENIES TIC's application for attorneys' fees. For the reasons stated in the attached Memorandum Entry, this Court holds that the position of the plaintiff, the United States, was substantially justified, and, therefore, an award of attorneys' fees is not appropriate under the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS SO ORDERED.

### MEMORANDUM ENTRY

The Secretary of Labor (Secretary) brought this action under Title I of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, alleging that the defendant TIC International Corporation (TIC) violated the prudence requirements of § 404 of ERISA, 29 U.S.C. § 1104, by advising and causing the Midwestern Teamsters Health and Welfare Trust Fund (the Plan) to enter into a hold harmless agreement with its insurance carrier, as a result of which the Plan stood to assume substantial financial liability. This Court granted summary judgment in favor of the defendant and dismissed this action, holding that the complaint was not timely filed. The Seventh Circuit affirmed the grant of summary judgment. *Brock v. TIC International*, 785 F.2d 168 (1986). The facts and background of this action are contained in the Seventh Circuit opinion. *Id.*

This matter is now before the Court upon the defendant's application for attorneys' fees, filed pursuant to the Equal Access to

Justice Act (EAJA), 28 U.S.C. § 2412. This Court now holds that the United States' position in this litigation was substantially justified, and, therefore, denies said application.

The EAJA provides in § 2412(d)(1)(A) that:

a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

(Emphasis added). TIC, which is a prevailing party, has applied for attorneys' fees under the preceding section. The United States (in this case, the Secretary) bears the burden of proving that its position in this litigation was substantially justified. *Washington v. Heckler*, 756 F.2d 959, 961 (3rd Cir.1985); *Sigmon Fuel v. Tennessee Valley Authority*, 754 F.2d 162, 166 (6th Cir.1985). (The Secretary has not argued that a fee award is unjust due to "special circumstances.") To meet its burden, the United States must " 'show that there is a reasonable basis in truth for the facts alleged in the pleadings; that there exists a reasonable basis in law for the theory it propounds and that the facts alleged will reasonably support the legal theory advanced.' " *Sigmon Fuel*, 754 F.2d at 166 (quoting *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984), *cert. denied, Jarboe-Lackey Feedlots, Inc. v. United States*, 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984) ). In this matter, the Secretary had to meet its burden twice, first with respect to the statute of limitations question, and second with respect to the merits.

TIC is not automatically entitled to an award of attorneys' fees just because this Court and the Seventh Circuit ruled in its favor on the statute of limitations question. A prevailing party is not entitled to attorneys' fees under the EAJA merely because the United States' legal theory is rejected. *Washington v. Heckler*, 756 F.2d at 961. Rather, the Secretary must show that his interpretation of § 413 of ERISA, 29 U.S.C. § 1113, was reasonable and that the facts alleged reasonably supported this interpretation. (The material facts relevant to the statute of limitations question are not in dispute.) The Court now holds that the Secretary has met his burden regarding his position on the statute of limitations question.

One persuasive, although not dispositive, factor in determining reasonableness is that the Secretary did not have the benefit of prior court interpretation of § 413. When a new statute is enacted, it usually takes some time before the courts determine exactly what it means. Even at the time TIC filed its motion for summary judgment, apparently no court had ruled on § 413. Memorandum Of Law In Support Of Defendant Tolley International Corporation's Motions For Summary Judgment Dismissing The Complaint And For A Stay Of Discovery (TIC's Memorandum in Support of Summary Judgment) at 5, attached to Motion Of Defendant Tolley International Corporation For Summary Judgment Dismissing The Complaint, filed March 27, 1981. Of course, the fact that a statute has not yet been subject to court interpretation will not save the Secretary if his position is unreasonable. However, in cases of first impression, the Secretary has a bit more latitude.

The reasonableness of the Secretary's position is shown by *Fink v. National Savings & Trust*, 772 F.2d 951 (D.C.Cir.1985), and the Seventh Circuit's discussion of the case. The language in *Fink*, 772 F.2d at 957 (citations omitted), supports the Secretary's position: "The disclosure of a transaction that is not inherently a statutory breach of fiduciary duty (in contrast to, *e.g.*, a loan to a party-in-interest which is explicitly prohibited under 29 U.S.C. § 1106(a) ) cannot communicate the existence of an underlying breach." The hold harmless agreement was not inherently a breach of fiduciary duty. Admittedly, the

preceding statement from *Fink* is "unnecessarily broad," and "there is enough factual difference to allow both decisions to coexist." 785 F.2d at 173–74. However, it is possible that the D.C. Circuit would have decided the case at bar differently; after all, the Seventh Circuit said that it might have decided *Fink* differently. 785 F.2d at 174. But, even if the D.C. and Seventh Circuits would have reached the same result in this case, the cases are close enough that *Fink* shows that the Secretary's position was reasonable.

The Secretary also has the burden of showing that his position on the merits was reasonably justified. The reasonableness of this position is harder to determine because the case did not progress beyond the statute of limitations question. Given the facts in the record, this Court now holds that the Secretary's position on the merits was substantially justified. Therefore, TIC is not entitled to an award of attorneys' fees under the EAJA.

TIC admits that "the [Plan] signed a 'hold-harmless' agreement in connection with going self-insured, under which the [Plan] assumed [a possible] liability of $850,000 (Note 5) in return for nothing (Note 3)." TIC's Memorandum in Support of Summary Judgment at 3–4. In the words of the Seventh Circuit, the report "indicated that whoever had advised the plan to make the 'hold-harmless' agreement had acted imprudently, in violation of *ERISA;* and it took almost no time to find out who that was." 785 F.2d at 172. Exhibit A to TIC's Reply Affidavit, filed May 10, 1981, shows that the Plan had a consulting agreement with TIC (known then as Tolley International Corporation).

The facts in the record may not be sufficient to prove that TIC violated its fiduciary duty in violation of ERISA, but the Secretary need not prove its case on the merits, it need only show that its position that TIC breached its duties was reasonably justified. All the facts presented to the Court support the Secretary's position. If there are facts that tend to show that TIC did not breach a fiduciary duty by

advising the Plan to make the hold-harmless agreement, they have not been presented to the Court, nor has the Court found them in the record. Therefore, TIC's application for attorneys' fees under the EAJA is DENIED.