936 F.2d 573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald C. HALICKI, Defendant-Appellant.
 No. 90-2076.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Gerald C. Halicki appeals his jury convictions on twenty-one counts of wire fraud, mail fraud and related offenses in violation of 18 U.S.C. Secs. 1341, 1343, 2314, and 2. He also appeals his sentences, which total fifteen years imprisonment. Halicki asserts essentially three errors: (1) the evidence was insufficient to convict him on any of the twenty-one counts; (2) he was denied due process by the forty-month delay between the criminal acts and the indictment; and (3) the District Court abused its discretion in imposing the maximum sentences for the offenses, resulting in cruel and unusual punishment. We find none of defendant's contentions persuasive, and AFFIRM.
 
 
 2
 This case concerns apparent fraud in the sales and purchases of personal computers and computer components occurring between December 1984 and November 1985. The government alleged that Gerald Halicki, acting under his true name and the assumed names of Jerry Hall and Jerry Paul, and doing business as Micro Distributing, Micro Repairs, Inc., and Micro Computers, perpetrated wire and mail fraud on a number of individuals and companies. In the typical transaction alleged by the government, Halicki placed an advertisement in one of several computer magazines, under one of his assumed names, offering computers or computer components for sale. When a potential customer contacted Halicki, he would tell the individual that before the merchandise could be sent, Halicki needed to receive either a cashier's check or a wire transfer of funds to his bank. After receiving the money no merchandise would be shipped, or if shipped, it was nonconforming, the effect of which was the same as non-shipment. In a number of the transactions an individual named Raymond Stroller was also involved, acting in concert with Halicki. Although he was indicted along with Halicki, Stroller disappeared and the indictment against him was eventually dismissed. Several counts of the indictment also charged Halicki with fraud in not paying for goods which he had ordered and received from other vendors and with not paying for the advertisements he placed in various publications.
 
 
 3
 Following a lengthy investigation by the Federal Bureau of Investigation, Gerald Halicki was indicted by a federal grand jury on March 10, 1989. The indictment contained twenty-one counts against Halicki. Counts One and Three alleged wire fraud, and aiding and abetting therein, in violation of 18 U.S.C. Secs. 1343 & 2. Count Two charged interstate transportation of a person induced by fraud, and aiding and abetting therein, in violation of 18 U.S.C. Secs. 2314 & 2. Counts Four through Twenty-one each alleged a separate incident of mail or wire fraud in violation of either 18 U.S.C. Sec. 1341 or Sec. 1343.
 
 
 4
 On June 1, 1989, Halicki filed a motion to dismiss the indictment due to pre-indictment delay. The District Court denied the motion on May 30, 1990, the first day of Halicki's jury trial. At the conclusion of the government's proofs, Halicki moved for judgment of acquittal under Federal Rules of Criminal Procedure 29, which motion was denied. Halicki then indicated a desire to call a number of witnesses so the District Court granted an adjournment. However, when the trial resumed on June 7th, the defense rested without calling any witnesses. The jury reached a guilty verdict on all twenty-one counts on June 7, 1990.
 
 
 5
 Halicki was sentenced to five-years incarceration on Count One, the maximum under 18 U.S.C. Sec. 1343.[1] On Count Two he received ten years, the maximum allowed under 18 U.S.C. Sec. 2314, to run consecutively with Count One. On the other counts he was sentenced to five years to run concurrently with Counts One and Two.
 
 
 6
 Halicki timely appealed, asserting essentially three errors: (1) the evidence was insufficient to convict him on any of the twenty-one counts; (2) he was denied due process by the forty-month delay between the criminal acts and the indictment; and (3) the District Court abused its discretion in imposing the maximum sentences for the offenses, resulting in cruel and unusual punishment.
 
 
 7
 The first issue presented is whether the evidence was sufficient to prove that Halicki possessed the requisite specific intent to defraud. A defendant claiming insufficiency of the evidence bears a "very heavy burden." United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). The relevant inquiry is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential element[s] of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In addition, "[t]he government must be given the benefit of all inferences which can reasonably be drawn from the evidence ... even if the evidence is circumstantial." United States v. Adamo, 742 F.2d 927, 932 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1985). Applying this standard to the evidence in the present case, we find that Halicki's convictions are adequately supported.
 
 
 8
 The requirement of specific intent under the wire and mail fraud statutes is satisfied by the existence of a scheme which was " 'reasonably calculated to deceive,' " and this intention is shown by examining the scheme itself. United States v. Green, 745 F.2d 1205, 1207 (9th Cir.1984), cert. denied, 474 U.S. 925 (1985) (citation omitted). Similarly, circumstantial evidence may support a finding of intent under the fraudulent inducement of interstate travel statute, 18 U.S.C. Sec. 2314.
 
 
 9
 It was Halicki's primary line of defense that he entered into the various transactions with no intent to defraud but that the financial difficulties of his businesses and fraud by Raymond Stroller led to the losses by the numerous victims. The government, on the other hand, showed that Halicki, acting either alone or in concert with Raymond Stroller, dealt with the fraud victims using aliases and required cash payments or electronic funds transfers in advance of promised shipment. Halicki also provided nonexistent United Parcel Service shipping numbers to complaining victims and otherwise rebuffed attempts by the victims to recover their money.
 
 
 10
 Halicki seems to argue that his theory of what happened is plausible and that, therefore, the evidence was insufficient to prove guilt beyond a reasonable doubt. However, the evidence need not be inconsistent with every conclusion except that of guilt to sustain the jury's verdict. United States v. Stone, 748 F.2d 361, 362-63 (6th Cir.1984).
 
 
 11
 We cannot say that the evidence in this case, viewed in the light most favorable to the government and drawing all reasonable inferences therefrom, was inadequate to support the jury verdicts. With respect to the counts concerning advertisements which Halicki never paid for, the jury could reasonably have concluded that Halicki never intended to pay for the ads, as they were simply part of the larger scheme to defraud those responding to the advertisements.
 
 
 12
 Soon after he was indicted on March 10, 1989, Halicki filed a motion to dismiss the indictment because of pre-indictment delay. He claimed that the forty-month delay between the time of the alleged fraudulent acts in 1985 and the grand jury indictment violated his due process right to a fair trial. The District Court denied his motion.
 
 
 13
 In order to establish a due process violation based on pre-indictment delay, a defendant must demonstrate both that he suffered substantial prejudice as a result of the delay and that the government intentionally delayed the indictment in order to gain a tactical advantage. United States v. Duncan, 763 F.2d 220, 222 (6th Cir.1985).
 
 
 14
 In this case Halicki argues that he suffered actual prejudice as a result of the pre-indictment delay because several witnesses who testified had some difficulty remembering some details surrounding the transactions with Halicki and because Halicki himself had forgotten the names of several witnesses whose testimony could have helped in his defense. Such claims are insufficient to show the actual substantial prejudice necessary to justify dismissal of the indictment. See Duncan, 763 F.2d at 222 (the admittedly real possibilities that memories will dim, witnesses will become inaccessible, and evidence will be lost are insufficient, in themselves, to demonstrate that a defendant cannot receive a fair trial) (citing United States v. Marion, 404 U.S. 307, 325-26 (1971)). Because Halicki has failed to show that he suffered actual prejudice as a result of the pre-indictment delay, it is not necessary to address the second part of the test.
 
 
 15
 Halicki's final argument is that his receiving the maximum sentences under 18 U.S.C. Secs. 1343 and 2314, five and ten years respectively, constitutes cruel and unusual punishment in violation of the eighth amendment. He further claims that the District Court abused its discretion in imposing the statutory maximums by failing to give due regard to the factors appropriate to sentencing.
 
 
 16
 Halicki did not raise this issue to the District Court at his sentencing hearing despite the opportunity to do so. Therefore, we will adhere to the well established principle of appellate review that we will not address claims not properly presented below. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); Sigmon Fuel Co. v. TVA, 754 F.2d 162, 164-65 (6th Cir.1985).
 
 
 17
 Even were this claim properly before this Court, we could not agree that the District Court abused its discretion in imposing sentences allowed by statute given the details of the several offenses and the characteristics of the defendant. Neither could we find the imposition of a total of fifteen-years imprisonment to violate the eighth amendment here, where such imprisonment is within the limits set by Congress.
 
 
 18
 For the foregoing reasons Gerald Halicki's convictions and sentences are AFFIRMED.
 
 
 
 [1]
 This is a pre-sentencing guideline case