**Elizabeth Ann McMILLAN, as the Legal Representative of her incompetent son, Thomas McMillan, Petitioner,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 91–696V.**

United States Claims Court.

June 16, 1992.

Curtis R. Webb, Twin Falls, Idaho, for petitioner.

Laura S. Radack, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## OPINION

ROBINSON, Judge.

This action is before the court on respondent's Motion for Review, filed on March 13, 1992, challenging the special master's decision awarding attorneys' fees and costs to petitioner. *McMillan v. Secretary of HHS*, No. 91–696V, slip op. (Cl.Ct. February 12, 1992).

### Procedural History

Elizabeth McMillan, as the legal representative of Thomas McMillan, filed a petition on his behalf, seeking compensation for a vaccine-related injury under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. §§ 300aa–1—300aa–34 (West Supp.1992) (Vaccine Act or Act). On November 12, 1991, the parties filed a stipulation to judgment dismissing the petition with prejudice. The special master thereafter entered judgment on November 15, 1991, dismissing petitioner's claim with prejudice. On December 12, 1991, petitioner filed with the Clerk of the Claims Court an election to reject the judgment of the special master. On December 26, 1991, petitioner filed a petition for attorneys' fees and costs (Fee Petition). Respondent did not file any opposition to the Fee Petition. The special master found the requested attorneys' fees and costs to be reasonable and awarded the requested amount to petitioner pursuant to 42 U.S.C. § 300aa–15(e) and Vaccine Rule 13. This decision prompted respondent to file a Motion for Review alleging that petitioner's rejection of the special master's judgment dismissing the case with prejudice precludes recovery of attorneys' fees and costs.

In response, petitioner filed a Motion to Dismiss Motion for Review and a Memorandum in Opposition to Motion for Review on April 13, 1992, alleging that respondent's motion is procedurally defective because respondent did not raise any objection before the special master to the Fee Petition, thus waiving any argument on review. Alternatively, petitioner argues that her election to reject the judgment of the special master does not effect her claim for attorneys' fees and costs.

For the reasons which follow, respondent's Motion for Review is denied and the judgment of the special master is affirmed.

## DISCUSSION

Respondent's principle argument, that no attorneys' fees and costs may be awarded because petitioner elected to reject the judgment of the special master, is being raised for the first time on this Motion for Review. Petitioner opposes consideration of this argument, contending that Vaccine Rule 8(f) waives any argument not raised before the special master. Specifically, Vaccine Rule 8(f) states as follows:

> (f) *Waiver of argument.* Any fact or argument not raised specifically in the record before the special master shall be considered waived and cannot be raised by either party in proceedings on review of a special master's decision. This rule shall not apply to legal arguments raised by the party that stands in the role of the appellee on review.

As respondent filed the Motion to Review, he stands in the role of appellant on review, and the exception enumerated in the second sentence of Vaccine Rule 8(f) is not applicable. Furthermore, since respondent did not file any response to the Fee Petition, no fact or argument could be "in the record before the special master." Vaccine Rule 8(f).

Moreover, courts have continuously followed the general rule that an issue or argument not raised in the trial court, here before the special master, is waived. *Cedar Lumber, Inc. v. United States*, 857 F.2d 765, 767 (Fed.Cir.1988) (finding that

**359**

arguments not presented to the trial court (or initial adjudicatory forum) are deemed waived on appeal); *see also, Borden v. Secretary of Health & Human Services*, 836 F.2d 4, 6 (1st Cir.1987) (affirming decision of district court judge to refuse to consider an argument, which could have been, but was not presented before the magistrate); *Sigmon Fuel Co. v. Tennessee Valley Auth.*, 754 F.2d 162, 164–65 (6th Cir.1985) (refusing to review an argument not raised in the district court in the interest of judicial economy and finality of judgments).

Respondent argues in its Memorandum of Objections that the Claims Court is authorized to "set aside any findings of fact or conclusion[s] of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law." *Potter v. Secretary of HHS*, 22 Cl.Ct. 701, 703 (1991), *citing* 42 U.S.C. § 300aa–12(e)(2)(B). However, this standard of review guides the Claims Court in examining decisions made by the special master and does not allow a party to advance arguments not previously brought before the special master. The Claims Court in *Stotts v. Secretary of HHS*, 23 Cl.Ct. 352, 358–59 (1991) noted that "[u]nder 300aa–12(e)(2), an objection by either party will trigger review jurisdiction in the Claims Court, but that review is now strictly limited to the record developed before the special master." It follows that where the record does not contain any argument against awarding attorneys' fees and costs, as in this case, no review of such argument may be made.

Respondent has failed to offer any argument for its failure to file a response to petitioner's Fee Petition raising any argument or objection to the special master's award of attorneys' fees and costs. Accordingly, this court finds that respondent has waived its arguments concerning the award of attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, respondent has failed to show sufficient reason why

the arguments made in its Motion for Review should not be waived for failure to raise them in the record before the special master as required by Vaccine Rule 8(f). Therefore, respondent's Motion for Review is dismissed, and the decision of the special master is affirmed.

The Clerk of the Court shall enter judgment dismissing respondent's motion. With regard to her request for additional attorneys' fees and costs, petitioner should refer to Appendix J of the RUSCC.