875 F.2d 863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred D. DALE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-5985.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1989.
 
 Before ENGEL, Chief Circuit Judge, NATHANIEL R. JONES, Circuit Judge, and GEORGE WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff appeals from the district court's orders affirming the Secretary's denial of disability insurance benefits and supplemental security income. For the reasons that follow, we affirm the district court's judgment.
 
 I.
 
 2
 The plaintiff-appellant, Fred Dale (Dale), is a forty-nine year old man with a seventh grade education. His past relevant work was as a truck driver for Sears, Roebuck & Co. (Sears). In July of 1973, Dale fell from the trailer of his truck and injured his back and legs. He did not return to work for approximately five months and, upon returning to work, he continued to experience pain in his lower back. As a result of this pain, Dale worked only sporadically over the next twelve months. Dale ultimately terminated his employment with Sears in May of 1975.
 
 
 3
 Between April 1976 and April 1981, Dale filed three separate applications for social security disability insurance benefits ("DIB applications") and three separate applications for supplemental security income ("SSI applications"). His first DIB application was granted by the social security administration ("SSA") for the period from May 1975 to July 15, 1976. All of the other DIB and SSI applications were denied at various stages of the administrative process. Dale did not seek judicial review of any of those decisions.
 
 
 4
 On June 20, 1985, Dale filed his fourth DIB application and his fourth SSI application, alleging that he became disabled on May 5, 1975 because of "lower back pain [and] osteorarthritis in [his] neck, back [and] hands." J.App. at 254-57, 64-67. These applications were denied by the SSA upon initial consideration and upon reconsideration. Dale then requested a hearing before an administrative law judge ("ALJ"), which was held on April 10, 1986.
 
 
 5
 On September 9, 1986, the ALJ rendered his decision denying Dale's applications. Regarding the DIB application, the ALJ determined that Dale's insured status under the Social Security Act expired prior to the date his third DIB claim was denied. Further finding that no new medical evidence warranted a "reopening" of the decision denying Dale's third DIB claim, the ALJ found that Dale's latest application was barred by the doctrine of administrative res judicata. With respect to the SSI application, the ALJ determined that Dale's allegations of disabling low back pain were not entirely credible and that no objective medical evidence confirmed his assertions in this regard. Therefore, while finding that Dale suffered from a "severe mechanical back condition," the ALJ concluded that he did not have a listed impairment or the equivalent thereof. In addition, while finding that Dale could not return to his past work as a truck driver, the ALJ found that he retained the residual functional capacity to perform a full range of light work. The ALJ thus determined that Dale was not entitled to receive disability insurance benefits or supplemental security income. That ruling subsequently became the Secretary's final decision.
 
 
 6
 Dale filed a complaint in federal district court, seeking judicial review of the Secretary's decision. On July 14, 1987, the district court granted the Secretary's motion to dismiss the DIB claim, finding that Dale's June 1985 application "amount[ed] to an attempt to have the previous [administrative] decision reopened." Appendix A to Appellee's Br. at 1. Since Dale had not asserted that any constitutional defect tainted the prior proceedings, the district court declined to reopen the prior decision. Thereafter, the parties filed cross-motions for summary judgment on Dale's SSI claim. On July 6, 1988, the district court granted the Secretary's motion on this claim, finding that substantial evidence in the record supported the Secretary's decision. Dale then filed a timely notice of appeal.
 
 II.
 A.
 
 7
 At the outset of this case, we are confronted with a jurisdictional challenge. The Secretary argues that, because Dale's notice of appeal does not refer to the district court's July 1987 order denying his DIB claim, this court does not have jurisdiction to consider Dale's appeal from that ruling. We reject this argument. Dale filed his notice of appeal "from the final judgment denying his motion for summary judgment and granting [the Secretary's] motion for summary judgment; and affirming the administrative decision entered in this action on the 6th day of July, 1988." Appendix C to Appellee's Br. at 1 (emphasis added). In referring to the "final judgment" which "affirm[ed] the administrative decision in this action," Dale's notice of appeal properly indicates that only the July 1988 order was a final, appealable judgment under 28 U.S.C. Sec. 1291 (1982). Since the district court's July 1987 order was clearly interlocutory in nature, Dale's failure to mention that order in his notice of appeal does not affect our jurisdiction in this case.
 
 B.
 
 8
 We next address Dale's contention that the ALJ erred in denying his DIB claim. Dale asserts that the ALJ incorrectly determined the date that his insured status expired under the Social Security Act. He argues that, because his insured status expired after the denial of his third DIB claim in October 1981, the ALJ erred in applying the doctrine of administrative res judicata to the instant DIB claim. Further, Dale contends that his latest DIB application was not an attempt to reopen prior administrative proceedings, but rather was an attempt to obtain disability benefits for the period following the denial of his third DIB application.
 
 
 9
 Dale admits that he first presented the above-described "timing argument" in a "Motion to Add Argument" that was filed in this court on March 13, 1989 as part of this appeal. Dale's motion was granted by this court on March 17, 1989. In the prior administrative and judicial proceedings in this case, Dale had conceded that his latest DIB claim was a request to reopen prior proceedings, and had argued that the ALJ erred in refusing to grant that request. Dale withdrew this "reopening argument" in the March 13 motion and instead pressed his "timing argument."
 
 
 10
 Since Dale withdrew his previously asserted "reopening argument" in the March 13 motion, we need not address whether the district court erred in refusing to reopen the prior administrative proceedings. Moreover, since Dale raised his timing argument for the first time on appeal, we also decline to address that argument. See Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162, 164-65 (6th Cir.1985). Accordingly, since Dale has not effectively challenged the denial of his DIB claim, we affirm the district court's ruling on this issue.
 
 C.
 
 11
 Dale's final argument is that the ALJ erred in dismissing his SSI claim. Dale argues that substantial medical evidence establishes that he is unable to engage in substantial, gainful work activity. It is well-established that our review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra. In reviewing the Secretary's decision under this standard, we may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 12
 In challenging the Secretary's denial of SSI benefits, Dale relies principally upon the medical reports of his treating physician, Dr. Bangudi. While Dr. Bangudi repeatedly opined that Dale was totally disabled from performing gainful work activity, see J.App. at 323-34, 331-34, 336-45, 356-58, none of these opinions is supported by objective medical evidence. Moreover, the physicians who did perform objective medical tests could not confirm that Dale suffered from a herniated disc, or that he was significantly limited in his range of motion. See, e.g., J.App. at 335 (Medical Report of Dr. Cheng, diagnosing Dale as suffering from "probable herniated disc" and "degenerative arthritis of the spine" (emphasis added)); id. at 349-54 (Medical Report of Dr. Henderson, finding that Dale suffered from "mild degenerative disease of the spine" and that his "lumbar spine show[ed] normal motion"). Because Dale's treating physician did not confirm his disability findings with objective medical evidence, and given Dr. Henderson's contrary diagnosis and clinical findings, we believe that there exists substantial medical evidence to support the Secretary's denial of Dale's SSI claim.
 
 III.
 
 13
 For the above-stated reasons, the district court's judgment is hereby AFFIRMED.
 
 
 
 *
 Honorable George Woods, United States District Court for the Eastern District of Michigan, sitting by designation