**WESTERMAN, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 83–5748.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 25, 1984.

Decided Dec. 4, 1984.

Felix C. Wade (argued), Schottenstein, Zox & Dunn, Columbus, Ohio, for petitioner.

Frederick Havard (argued), Elliott Moore, Gen. Counsel, N.L.R.B., John C. Truesdale, Claude R. Wolfe, Admin. Law, Margery E. Lieber, FTS, Washington, D.C., for respondent.

Before EDWARDS and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Appellant Westerman, Inc. (the Company) seeks to recover from the National Labor Relations Board, under the Equal Access to Justice Act,[1] attorney fees and expenses incurred in defending itself in an unfair labor practice proceeding. The Board denied the Company's application in its Supplemental Decision and Order issued May 12, 1983, reported at 266 NLRB No. 141 (1983).

Westerman filed in this Court a petition for leave to appeal pursuant to 5 U.S.C. § 504(c)(2). This Court granted leave to appeal October 6, 1983 in an unpublished order entered by Judges Keith, Kennedy and Contie.

We affirm.

## I

The Board's Regional Director issued a complaint and notice of hearing on November 13, 1980, alleging that the Company violated Section 8(a)(1) of the National Labor Relations Act by threatening employees with job loss because of their union activities, by coercively interrogating employees, and by creating an impression that union activity of employees was under surveillance. The complaint further alleged that the Company violated Section 8(a)(3) and (1) of the Act by discharging thirteen employees because of their support of the Union.

The administrative law judge (ALJ) issued a recommended order and decision, finding that the Company violated Section 8(a)(1) of the Act by the conduct of Supervisor Robert Knight, who had threatened employees with discharge or plant closure

if they engaged in efforts to unionize the Company, coercively interrogated an employee concerning his intention to attend a union meeting and another employee as to his reasons for desiring a union, and promised an employee that if the employee did not support the Union, he (Knight) would attempt to have him recalled from a layoff. However, the ALJ held that the evidence did not support the charge that supervisor Knight had created an impression of surveillance over union activities and recommended dismissal of the charge that the Company had discharged thirteen employees because of its anti-union animus and the pro-union activities of these employees. The ALJ recommended dismissal of all allegations that the Company had discriminated against employees for their pro-union activities and had created the impression of union surveillance.

The Board adopted the findings and conclusions of the ALJ and issued his recommended order.

## II

On July 9, 1982 the Company applied to the Board for attorney fees and expenses under the Equal Access to Justice Act, based upon its successful defenses in the unfair labor practice proceeding. The claim included $17,476.38 in attorney fees and $1,436.17 in expenses.

On January 20, 1983 the ALJ issued his decision denying the Company's claim for attorney ` fees and expenses. The ALJ found that- the Company prevailed on a "significant and discrete substantive portion" of the unfair labor practice proceeding, as defined in the Board's Rules & Regulations Sections 102.143(b) and 102.-144.

In denying the Company's application for fees and expenses, the ALJ wrote:

---

1. § 504. Costs and fees of parties

(a)(1) An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceedings, unless the adjudicative officer of the agency finds that the

position of the agency as a party to the proceeding was substantially justified or that special circumstances make an award unjust.

*See also* 28 U.S.C. § 2412 (1980 ed. Supp. IV), which waives the Government's sovereign immunity with respect to fees in civil actions unless expressly prohibited by statutes.

General Counsel's failure to win raises no presumption that he was not substantially justified in pressing the allegation that the layoffs were unlawful. Moreover, General Counsel is not required to establish that his decision to litigate the issue was based on a substantial probability of prevailing, nor does a failure of General Counsel to establish a *prima facie* case necessarily require a finding that his position was not substantially justified. The applicable test is whether General Counsel's litigation position had a reasonable basis in law and fact. In assessing reasonableness one must be reasonable. It is the position of the General Counsel *before* my contrary decision issued which must be examined.

General Counsel proved union activity, company knowledge of that activity, expressions by a supervisor of Respondent hostility to such activity accompanied by threats of lost jobs as a result of such activity, and a closely following layoff. The evidence of the timing of Respondent's first knowledge was ambiguous, and my conclusion that this knowledge came into being after Respondent decided to have a layoff was not something, in view of the evidence presented on the point, that General Counsel could necessarily have forecast. Notwithstanding that I adhere to my decision it cannot fairly be said that reasonable men might not have differed on this point. Similarly, my finding that Knight's statements should not, in the circumstances, be treated as an accurate reflection of Respondent's attitudes and intentions is not entirely beyond dispute. Had General Counsel prevailed on these two points he would have established a very strong case in favor of finding the entire layoff to be unlawful. Although it cannot now be reasonably maintained, in view of my Decision and the absence of exceptions thereto, that General Counsel was correct in his position, neither can it be said that his position was frivolous, bereft of reason, or not substantially justified. To the contrary, General Counsel's position had a reasonable basis in fact and law,

and met the statutory requirement of substantial justification.

Accordingly, I find Westerman, Inc. is not entitled to an award under the Equal Access to Justice Act, and issue the following recommended:

## ORDER

It is hereby ordered that the application of Westerman, Inc. for an award under the Equal Access to Justice Act be, and hereby is, denied. (Footnotes omitted).

The Board adopted the finding and conclusions of the ALJ and entered his recommended order.

## III

The Company vigorously contends that the Board "abused its discretion and has emasculated the intent of Congress by denying Westerman's claim for fees and expenses under the Equal Access to Justice Act." Congress enacted the Equal Access to Justice Act in 1980, amending existing statutes to authorize fee and expense awards to prevailing parties in specified adversary adjudications and civil actions against the United States and its agencies. In so doing, Congress deliberately departed from the American Rule that each litigant ordinarily pays his or her own attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). "The governing principle of the [EAJA] is that the 'United States should pay those expenses which are incurred when the government presses unreasonable positions during litigation.'" *Matthews v. United States*, 713 F.2d 677, 683–84 (11th Cir.1983) (citing *Goldhaber v. Foley*, 698 F.2d 193, 197 (3d Cir.1983)).

In *Wyandotte Savings Bank v. NLRB*, 682 F.2d 119 (6th Cir.1982), this Court held that, for the purpose of determining whether a prevailing party is entitled to an award under the Equal Access to Justice Act, the mere fact that the National Labor Relations Board was a losing party or that the

Board's position was contrary to prior Sixth Circuit precedent does not mean that the Board was not "substantially justified" in seeking enforcement of its order. This Court wrote that the Equal Access to Justice Act "requires the awarding of fees to the prevailing party against the United States or an agency thereof under certain circumstances. However, a court may not award attorney fees if it finds that 'the position of the United States was substantially justified.' 28 U.S.C. § 2412(d)(1)(A) and (d)(3)." *See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984); *Rawlings v. Heckler,* 725 F.2d 1192 (9th Cir.1984); *Foley Construction Co. v. United States Army Corps of Engineers,* 716 F.2d 1202 (8th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984); *Dougherty v. Lehman,* 711 F.2d 555 (3d Cir.1983); *Natural Resources Defense Council v. U.S.E.P.A.,* 703 F.2d 700, 712 (3d Cir.1983); *Gava v. United States,* 699 F.2d 1367, 1370 (Fed.Cir.1983); *Tyler Business Services, Inc. v. NLRB,* 695 F.2d 73 (4th Cir.1982); and *United States for Heydt v. Citizens State Bank,* 668 F.2d 444 (8th Cir.1982).

For the reasons stated in the above-quoted language of the ALJ, we conclude that in the present case the position of the General Counsel had a reasonable basis in fact and law and that the Board did not abuse its discretion in denying the application of appellant for attorney fees and reimbursement of costs.

The decision of the Board is affirmed. No costs are taxed. The parties will bear their own costs on this appeal.