NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0122n.06
Filed: November 22, 2004

Nos. 03-4074, 03-4115

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **ROADWAY EXPRESS, INC. (03-4074);** | ) | |
| | ) | |
| **LARRY EASH (03-4114),** | ) | |
| | ) | |
| Petitioners, | ) | **ON APPEAL FROM THE** |
| | ) | **ADMINISTRATIVE REVIEW BOARD** |
| v. | ) | **OF THE DEPARTMENT OF LABOR** |
| | ) | |
| **ADMINISTRATIVE REVIEW BOARD,** | ) | |
| **U.S. DEPARTMENT OF LABOR,** | ) | |
| | ) | |
| Respondent. | | |

**Before: SILER, BATCHELDER and ROGERS, Circuit Judges.**

**Rogers, Circuit Judge.** Larry Eash, a commercial truck driver, and Roadway Express, Inc. (Roadway), his employer, each appeal adverse rulings from a final decision of the Administrative Review Board of the Department of Labor (the Board). Mr. Eash appeals the Board's affirmation of summary judgment in favor of Roadway on his claim Roadway violated § 31105(a)(B)(i) of the Surface Transportation Assistance Act (STAA) by issuing Mr. Eash a warning letter after he stopped driving due to fatigue. Roadway appeals both the Board's affirmation of the Administrative Law Judge's (ALJ) determination that Roadway violated § 31105(a)(B)(ii) of the STAA by issuing Mr. Eash a warning letter for refusing to drive in inclement weather, and the Board's affirmation of an award of attorney's fees based on Mr. Eash's partial success in administrative litigation.

Because the Board failed to explain its reasoning in affirming the grant of summary judgment on Mr. Eash's STAA claim based on fatigue, we grant the Board's request for voluntary remand for further proceedings in connection with Mr. Eash's petition for review. Because the ALJ's finding that Roadway violated the STAA is supported by substantial evidence and the ALJ's determination of attorney fees was not an abuse of discretion, we deny Roadway's petition for review.

I.

A.      The STAA

Congress enacted the STAA to "encourage employee reporting of noncompliance with safety regulations governing commercial motor vehicles." *Roadway Express v. Brock*, 481 U.S. 252, 258 (1987) (plurality opinion). The STAA protects employees from retaliation for reporting safety violations or refusing to operate a commercial motor vehicle because of safety concerns. The provisions of the STAA relevant to this appeal are set out in 49 U.S.C. § 31105(a) (2000):

> (1)      A person may not discharge an employee, or discipline or discriminate against an employee regarding pay, terms, or privileges of employment, because –
> ...
>
> (B)      the employee refuses to operate a vehicle because--
>
> (i)      the operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety or health; or
>
> (ii)      the employee has a reasonable apprehension of serious injury to the employee or the public because of the vehicle's unsafe condition.

> (2) Under paragraph (1)(B)(ii) of this subsection, an employee's apprehension of serious injury is reasonable only if a reasonable individual in the circumstances then confronting the employee would conclude that the unsafe condition establishes a real danger of accident, injury, or serious impairment to health. To qualify for protection, the employee must have sought from the employer, and been unable to obtain, correction of the unsafe condition.

Employees are protected from retaliatory action by their employer for refusal to operate a commercial vehicle under § 31105(a)(1)(B)(i) (the "actual violation" prong) if operating the vehicle would violate relevant regulations. Under § 31105(a)(1)(B)(ii) (the "reasonable apprehension" prong) an employee need only have a reasonable apprehension of serious injury to himself or the public, based on the objective standard set out in § 31105(a)(2), for a refusal to operate a commercial motor vehicle to be protected.

B. The Disciplinary Action Taken Against Mr. Eash

Mr. Eash has worked for Roadway since 1988 as a commercial truck driver, operating out of Roadway's Copley, Ohio, terminal. After some years, relations between Mr. Eash and his employer deteriorated. Since late 1997, Mr. Eash has received a total of nine warning letters for various infractions. The first two warning letters, relating to fatigue, were the subject of prior litigation between the parties. *See Eash v. Roadway Express*, ARB No. 00-061, ALJ No. 98-STA-28, slip. op. (Dec. 31, 2002). The instant appeal involves a challenge by Mr. Eash to an additional seven disciplinary letters. Mr. Eash alleged that five of the letters were issued in retaliation for filing the earlier litigation. The remaining two letters were issued for: 1) a failure to complete a trip in the allotted time due to fatigue; and 2) a refusal to drive in inclement weather. In order to resolve this appeal we need to consider only the facts surrounding the

warning letter for the refusal to drive based on inclement weather.

Most of the eastern United States experienced a significant winter storm on January 14th and 15th, 1999. Substantial amounts of snow and freezing rain fell in the area surrounding Roadway's Copley, Ohio terminal. On the evening of January 13, 1999, Mr. Eash departed the Copley terminal and arrived in Pittsburgh, Pennsylvania, in the early morning hours of January 14. Mr. Eash was dispatched to make the return trip to Copley, but on arrival was not dispatched to make another run to Pittsburgh because of inclement weather. He went to his home approximately twenty-six miles from Roadway's terminal and slept. Mr. Eash awoke in the late afternoon and called Roadway's dispatch center asking to be excused from his dispatch that evening because of the weather. Mr. Eash observed freezing rain near his home and saw a television report advising the public not to drive unless it was an emergency because of unsafe road conditions. The Roadway dispatcher advised Mr. Eash that other drivers were reporting for work and that he would be on call that evening.

Mr. Eash called the Roadway terminal again at around 7:30 p.m. asking to be excused from his dispatch, stating conditions near his home had become worse. He stated that based on his experience, including a prior accident in icy conditions, he felt it was unsafe to drive to Pittsburgh that night. Again, the dispatcher refused to relieve him and informed Mr. Eash that he should consider their conversation a work call. Mr. Eash attempted to drive to the Copley terminal, but called Roadway dispatch a quarter of the way there and again asked to be relieved. Mr. Eash stated he nearly lost control of his personal vehicle twice and believed that conditions were too dangerous to operate a commercial vehicle. The dispatcher told Mr. Eash to, "do what

you have to do and I'll do what I have to do." On January 19, 1999, Mr. Eash received a

warning letter for failure to show up for work after accepting a dispatch.

  C.  Procedural History

  Mr. Eash challenged all of the warning letters he received, claiming retaliation by

Roadway in violation of the STAA.[1] A partial summary decision in favor of Roadway was

issued on Mr. Eash's claim that a October 16, 1998, warning letter relating to fatigue violated the

STAA. The ALJ found that, as to Mr. Eash's claim based on fatigue, summary judgment was

warranted because Mr. Eash had become fatigued through no fault of the employer, citing *Sec'y*

*of Labor & Porter v. Greyhound Bus Lines*, ARB No. 98-116, ALJ No. 96-STA-23, 1998 DOL

Ad. Rev. Bd. LEXIS 67 (June 12, 1998).

  The ALJ then held a one-day hearing dealing with Mr. Eash's remaining claims,

including the January 19, 1999, letter based on Mr. Eash's refusal to drive in inclement weather.

As to the January 19, 1999, letter, the ALJ concluded in a Recommended Decision and Order

that Mr. Eash had not established a claim under the actual violation prong of the STAA, but was

entitled to relief under the reasonable apprehension prong. The ALJ determined that Mr. Eash's

testimony was not sufficiently credible to establish that the weather conditions were actually

---

  [1]As noted above, Mr. Eash received a total of seven warning letters related to this litigation. Of the seven letters, five were cited in support of a claim of retaliation in violation another provision of the STAA, not at issue in this appeal, which prohibits disciplining employees for asserting their rights under the STAA or cooperating with government investigations. *See* 49 U.S.C. § 31105(a)(1)(A) (2000). This claim was based on litigation between Roadway and Mr. Eash over a prior warning letter based on fatigue, discussed below. Mr. Eash dropped his challenge to one of these letters. The ALJ eventually found in favor of Roadway on the remaining four that formed the basis of Mr. Eash's § 31105(a)(1)(A) claim.

hazardous under relevant Department of Transportation regulations. By contrast, however, although Mr. Eash's testimony as to the weather conditions on the 14th was "entitled to less weight," the ALJ nonetheless found " a reasonable person in [Mr. Eash's] situation could have determined" that there was a danger to himself or the public due to the weather. Based on the "reasonable apprehension" prong of the STAA, the ALJ ordered that the January 19, 1999, warning letter be expunged from Mr. Eash's file.

The ALJ also issued a Supplemental Recommended Decision and Order awarding $17,774.25 in fees and costs to Mr. Eash and his counsel. The ALJ used the lodestar method set out in *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983), and reduced the amount of the fee requested by one half for time billed on the case prior to the summary judgment decision and by two thirds for time billed afterwards. This calculation was based the following factors: 1) half of the warning letters were no longer at issue after summary judgment; and 2) Mr. Eash prevailed on one of the three remaining legal issues following the hearing.

In the Board's Final Decision and Order, the Board affirmed the ALJ's decisions in their entirety. The Board noted and affirmed the ALJ's grant of summary judgment in favor of Roadway on Mr. Eash's STAA claim based on fatigue without discussing the ALJ's reasoning. The Board recognized that the ALJ had properly distinguished between the actual violation and reasonable apprehension prongs of the STAA in finding for Mr. Eash on his claim related to the January 19, 1999, warning letter. Finally, the Board affirmed the award of attorney fees, noting that the ALJ had correctly applied relevant Supreme Court and Board precedent in calculating the fee award in this case. Both Mr. Eash and Roadway now petition this court for review of the

Board's decision.

## II.

A.      Standard of Review

In reviewing decisions of the Board, the court will uphold the Board's findings of fact so long as they are supported by substantial evidence in the record as a whole. *Yellow Freight Sys. v. Reich*, 27 F.3d 1133, 1138 (6th Cir. 1994); *Moon v. Transp. Drivers, Inc.*, 836 F.2d 226, 229 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; a court may not re-litigate the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Moon*, 836 F.2d at 229. The court reviews the legal conclusions of the board de novo, with the proper deference due an agency interpreting the statute it is charged with administering. *Am. Nuclear Res., Inc. v. Dep't of Labor*, 134 F.3d 1292, 1294 (6th Cir. 1998).

B.      The Board's Decision to Grant Summary Judgment Against Mr. Eash on His
        Fatigue Claim

The Board has requested a remand to correct a possible misapplication of the statute it is charged with enforcing, and such requests should be granted absent clearly articulated countervailing reasons. *Citizens Against the Pellissippi Parkway Extension v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004). In *Eash v. Roadway Express*, ARB No. 00-061, ALJ No. 98-STA-28, slip. op. (Dec. 31, 2002) (*Eash I*), the ALJ granted a motion for summary judgment in favor of Roadway on a claim by Mr. Eash that Roadway violated the STAA by disciplining him for refusing to operate a commercial motor vehicle due to fatigue. The Board in *Eash I* reversed the

ALJ's grant of summary judgment in favor of Roadway and held that a genuine issue of material fact is raised at the summary judgment stage when a driver disputes whether he deliberately made himself unavailable for work due to fatigue. In the instant case, the Board admits that it did not address *Eash I* in its decision and requests a remand to explain the different results in nearly identical cases. Roadway opposes remand on the ground that Board is not bound to follow *Eash I* as precedent because the facts between the two cases are distinguishable.

"[W]hen an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons." *Citizens Against the Pellissippi Parkway Extension v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004). Even if there is no allegation that there is new evidence or a change in the law, an agency should be allowed to reconsider its own decision if the agency has doubts about the correctness of that decision. *Id*. at 417. The conclusion is strengthened by the deference a court is required to give to an agency interpreting an ambiguous statute that it is charged with enforcing. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844 (1984); *Yellow Freight Sys. v. Reich*, 8 F.3d 980, 984 (4th Cir. 1993).

Here, the agency clearly has doubts about the correctness of its decision and Roadway has not articulated a reason not to allow the Board to reconsider its decision; all of the arguments Roadway has made against remand are better resolved by the Board interpreting its own statute and relevant regulations. We reject, however, Mr. Eash's suggestion at oral argument that this court remand the case directly to the ALJ. By doing so the court would implicitly make a finding on the appropriateness of summary judgment in this case, the issue which the Board has

requested remand to consider.

C.      The Board's Determination Roadway Violated the STAA

Roadway's petition for review is denied because substantial evidence supports the ALJ's

determination that Roadway violated the STAA by disciplining Mr. Eash for refusing to drive on

January 14, 1999.  To be entitled to relief under the STAA, the employee must prove: 1) the

employee engaged in protected activity; 2) the employer was aware of the protected activity; 3)

the employee suffered adverse employment action; and 4) there is a causal nexus between

adverse employment action and the protected activity.  *Reich*, 8 F.3d at 983;  *Moon v. Transp.*

*Drivers, Inc.*, 836 F.2d 226, 229 (6th Cir. 1987).

Protected activity under the STAA encompasses a refusal to drive in hazardous weather

conditions, based on either the actual violation prong or the reasonable apprehension prong of §

31105(a)(1)(B).  Department of Transportation regulations prohibit the operation of a

commercial vehicle in snow, ice or sleet if the weather is sufficiently severe.  49 C.F.R. § 392.14

(2004).  Under the STAA, the reasonable apprehension prong applies because weather

conditions can make driving hazardous and thus render the condition of the vehicle unsafe.  *See*

49 U.S.C § 31105(a)(1)(B)(ii); *Robinson v. Duff Truck Line*, 1986-STA-3 (ARB March 6, 1987),

*aff'd sub nom. Duff Truck Line v. Brock*, 848 F.2d 189 (6th Cir. 1988) (unpublished table

decision).[2]  This appeal centers on whether substantial evidence supports the Board's

---

[2]The parties do not dispute the application of §31105(a)(1)(B)(ii) to a refusal to drive in adverse weather conditions, despite the fact that this conclusion is not obvious from the language of the statute, and we do not comment on the correctness of this interpretation here.  The Secretary of Labor has consistently interpreted the reasonable apprehension prong of the STAA

determination that Mr. Eash engaged in protected activity under the reasonable apprehension prong of the STAA by refusing to drive in hazardous weather.

Roadway's argument that the ALJ's decision was not supported by substantial evidence is based almost exclusively on the ALJ's statement, "It is within the province of the court to determine the credibility of witnesses. After observing [Mr. Eash] at the time of the hearing in this matter, I do not find [his] testimony to be credible." Roadway also relies on similar rejections of weather reports and newspaper articles submitted by Mr. Eash in support of his challenge to the January 19, 1999 warning letter. Roadway argues that because the ALJ rejected all of Mr. Eash's evidence, the finding that Mr. Eash engaged in protected activity under the reasonable apprehension prong of the STAA is not supported by substantial evidence.

In this case, the ALJ evaluated Mr. Eash's claims separately under the actual violation and reasonable apprehension prongs of the STAA. The fact that the ALJ found Mr. Eash's testimony and evidence not credible for one purpose does not mean it was rejected outright. The ALJ found that Mr. Eash's testimony was not credible and the evidence did not support a claim under the actual violation prong of the STAA, i.e., his evidence could not establish that, in fact, the weather was so severe that operating a commercial vehicle on January 14, 1999 would violate 49 C.F.R. § 392.14. However, this does not mean that the same evidence could not support the ALJ's finding that Mr. Eash had met the lesser standard of an objectively reasonable apprehension of danger to himself or the public because of the weather conditions.

---

to encompass more than just the mechanical condition of the vehicle. *Stauffer v. Wal-Mart Stores, Inc.*, ARB No. 99-107, ALJ No. 99-STA-21, 2001 DOL Ad. Rev. Bd. LEXIS 54 (Nov. 30, 1999).

It is not questioned that there was, in fact, a severe winter storm in Ohio and Pennsylvania on January 14th and 15th, 1999. Mr. Eash testified that he saw weather reports indicating freezing rain and warning that drivers should stay off the roads if at all possible. Mr. Eash testified he lost control of his personal vehicle on the way to report to work, and concluded it was unsafe to operate a commercial vehicle based on his familiarity with the route and experience, including a prior accident, in winter storms. Mr. Eash submitted newspaper reports and weather data regarding the size of the storm. Roadway did not dispatch Mr. Eash on a return trip to Pittsburgh on the morning of January 14th due to the weather. While the ALJ stated that Mr. Eash's testimony is entitled to "less weight," it was not rejected outright. Thus, based on Mr. Eash's testimony and the fact of a severe winter storm, there is substantial evidence in the record as a whole to support the ALJ's conclusion that Mr. Eash had an objectively reasonable apprehension of a danger to himself or the public such that he would conclude that it was unsafe to operate a commercial vehicle.

Roadway briefly makes a second argument that the ALJ applied the wrong standard in finding for Mr. Eash. In the Recommended Decision and Order, the ALJ concluded, "I find that a reasonable person in [Mr. Eash's] situation *could have determined* that a bona fide danger of accident or injury to his person existed" (emphasis added). The STAA states, "an employee's apprehension of serious injury is reasonable only if a reasonable individual in the circumstances then confronting the employee *would conclude* that the unsafe condition establishes a real danger of accident, injury, or serious impairment to health." 49 U.S.C. § 31105(a)(2) (2000) (emphasis added). Roadway states this discrepancy without elaboration. The Board cited the correct legal

standard in its final decision, as does the ALJ elsewhere in the recommended decision. The Board and the ALJ applied the correct legal standard despite this slight discrepancy in language.

D.      The Board's Award of Attorney Fees

Roadway's petition for review of the attorney fees awarded by the ALJ is denied. The fee awarded was reasonable and in accordance with applicable law. The STAA provides that a successful complainant may recover reasonable costs, including attorney fees, incurred in bringing a complaint. 49 U.S.C. §31105(b) (2000). The Board has adopted the lodestar method of calculating attorney fees, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhardt*, 461 U.S. 424, 435 (1983); *Scott v. Roadway Express*, ARB No. 01-065, ALJ No. 98-STA-8, 2003 DOL Ad. Rev. Bd. LEXIS 41 (May 29, 2003). A reduction is appropriate where a complainant achieves limited success. *Cf. Hensley*, 461 U.S. at 435.

Roadway argues that Mr. Eash should be awarded only nominal fees because Mr. Eash challenged seven disciplinary letters and was successful in having only one removed from his file. The Supreme Court has rejected a mathematical approach comparing the number of issues in the case with those actually prevailed upon. *Hensley*, 461 U.S. at 435 n. 11. Mr. Eash successfully challenged the January 19, 1999 warning letter, prevailing on the most substantial of the claims made. Even if fees may be reduced to account for limited success in the litigation, the ALJ took this into account during the fee determination and reduced the fee awarded appropriately. Therefore, the ALJ's determination of fees was made in accordance with relevant Supreme Court and Board precedent.

III.

With respect to Mr. Eash's petition for review, the Board's request for voluntary remand for further proceedings consistent with its decision in *Eash v. Roadway Express*, ARB No. 00-061 ALJ No. 98-STA-28, slip. op. (Dec. 31, 2002) is GRANTED. Roadway's petition for review is DENIED.