**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0099n.06
Filed: February 7, 2008

**No. 07-3073**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DAVID HARMON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | OF A FINAL ORDER OF THE |
| | ) | BENEFITS REVIEW BOARD |
| McGINNIS, INC.; DIRECTOR, OFFICE OF | ) | |
| WORKERS' COMPENSATION PROGRAMS, | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |
| _____ | ) | |

BEFORE: SUHRHEINRICH, SUTTON, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

In July of 1988, petitioner David Harmon was injured when he was struck by a crane and fell from a barge. At the time of petitioner's injury, he was working for respondent McGinnis, Inc. Petitioner filed a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 ("Longshore Act") in September of 1988. After petitioner's award was finalized, an administrative law judge ("ALJ") awarded attorney fees to Steven C. Schletker, an attorney based in Covington, Kentucky, who represented Harmon throughout the proceedings. McGinnis failed to timely remit this attorney fee award. Petitioner subsequently retained the services of Joshua T. Gillelan, a Washington, D.C.-based attorney who specializes not only in longshore cases, but also

in national appellate "long-motions" and enforcement practice on behalf of longshore claimants. Gillelan successfully obtained a further award against McGinnis for the time Schletker expended to receive payment of fees and for the loss of value of the awarded fees, which were paid roughly nine months after the compensation order became final. On December 9, 2005, petitioner filed a motion for a supplemental fee award of $3,200 for Gillelan's eight hours of legal representation at $400 an hour. Respondent objected to the motion for a supplemental fee award on several grounds. The ALJ determined that the requested $400-per-hour figure was excessive for the Cincinnati area and reduced the amount to $250-per-hour. This latter figure was itself an enhanced fee, based on what the ALJ found to be the top end of the Cincinnati market. This hourly rate was in excess of the rate awarded to Schletker, petitioner's main counsel.

Petitioner appealed this decision to the Benefits Review Board ("Board"), arguing that the ALJ erred in calculating the fee award at $250-per-hour. On November 20, 2006, the Board affirmed the ALJ's decision. The present appeal followed.

I.

A district court's award of attorney fees, including the fee rate, is reviewed for abuse of discretion. *Hadix v. Johnson*, 65 F.3d 532, 534-35 (6th Cir. 1995) (citing *Monroe Auto Equip. v. UAW, Local 878*, 981 F.2d 261, 269 (6th Cir. 1992)). This applies equally where an ALJ awards or denies attorney fees. *See Westerman, Inc. v. NLRB*, 749 F.2d 14, 17 (6th Cir. 1984) (applying abuse of discretion standard to affirm ALJ's denial of attorney's fees in Equal Access to Justice Act); *Bankes v. Director, Office of Workers' Compensation Programs*, 765 F.2d 81, 82 (6th Cir. 1985)

(noting that award or denial of attorney fees in black lung context may only be overturned if "arbitrary, capricious, an abuse of discretion, or not in accordance with the law"); *see also Roadway Exp., Inc. v. Administrative Review Bd.*, 116 F. App'x 674, 681 (6th Cir. 2004) (finding ALJ did not abuse its discretion in awarding attorney's fees to original petitioner in Surface Transportation Assistance Act context).

Section 28 of the Longshore Act permits courts to award reasonable attorney fees to a prevailing claimant. *See* 33 U.S.C. § 928. A reasonable fee is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Gonter v. Hunt Valve Co., Inc.* 510 F.3d 610, 616 (6th Cir. 2007) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Id*. When the court clearly explains its rationale for awarding a particular fee, its calculation is entitled to substantial deference. *Id*.

Petitioner argues that the ALJ erred in using the Cincinnati market as the basis for the hourly rate in its lodestar calculation. In the alternative, he claims that even if the Cincinnati market is the proper basis for calculating the lodestar fee award, the ALJ did not base the rate on the market for attorneys with similar credentials as Gillelan, but instead improperly based the fee on prior awards.

II.

At the outset, we note that petitioner's first argument – that the ALJ erred in using Cincinnati rates to calculate the lodestar fee award – is actually comprised of two separate arguments. He first contends that the ALJ erred by reducing Gillelan's requested fee award on grounds not raised by

respondent. Specifically, petitioner argues that the ALJ *sua sponte* found that the fee award should be based on the Cincinnati/Northern Kentucky, as opposed to Washington, D.C., market, and subsequently reduced the requested fee on that basis. We disagree. There is no precedent in our circuit that prohibits a court from adjusting a fee award on a basis apparent to both parties, but otherwise not explicitly stated. However, even assuming there was such a rule, we are satisfied that respondent lodged a proper objection on the basis that the requested fee award should be reduced for geographic market considerations. The record demonstrates that respondent objected to Gillelan's requested hourly rate, noting that it was more than double that of local counsel Schletker. McGinnis contended that Gillelan's fee should have been the same as the fee awarded to Schletker, a Cincinnati/Northern Kentucky-based attorney, as opposed to "the going rates for attorneys experienced in longshore work in the Washington, DC area." We therefore find petitioner's argument in this regard unavailing.

Harmon additionally contends that the ALJ erred in concluding that Cincinnati, as opposed to Washington, D.C., was the proper market on which to base the fee award. It is axiomatic that "[a] district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994) (citing *Louisville Black Police Officers Organization v. City of Louisville*, 700 F.2d 268, 277-78 (6th Cir. 1983)). We have also noted that "it is not an abuse of discretion for a court to apply local market rates." *Id*. Thus, "a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower

rate." *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), *abrogated on other grounds by Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001) (quoting *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)).

Petitioner nevertheless argues that the ALJ erred in using Cincinnati/Northern Kentucky as the geographic basis for calculating his hourly rate. He argues that the geographic location of an ALJ's office is not based on territorial jurisdiction and that assignment to a particular office is essentially happenstance. He nevertheless admits, however, that most cases are indeed assigned to an ALJ in the district office nearest the claimant's residence. Equally unconvincing is petitioner's argument that Gillelan is entitled to Washington, D.C. rates because his eight hours of work were physically performed in Washington. There is nothing in the record to indicate that the enforcement action *required* Gillelan to be present in Washington, D.C.

Petitioner lastly contends that, even assuming that Cincinnati/Northern Kentucky was the relevant market from which to derive Gillelan's fee, the hourly rate awarded is nevertheless inadequate given Gillelan's superior credentials. We have noted that when fees are sought by an out-of-town specialist, courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation. *Hadix*, 65 F.3d at 535 (citing *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760 768-69 (7th Cir. 1982)). "A corollary of this rule is that judges may question the reasonableness of an out-of-town attorney's billing rate if

there is reason to believe that competent counsel was readily available locally at a lower charge or rate." *Id.* (citing *Chrapliwy*, 670 F.2d at 769).

The record indicates that the ALJ agreed with petitioner's argument that Gillelan's experience warranted an enhanced fee, finding that he "is a well-qualified attorney who practices in [a] highly specialized area of the law" and that his services were "both extraordinary and necessary to effectuate fulfillment of the decision . . . ." On this basis, the ALJ awarded Gillelan, over respondents' objection, the rate of $250 per hour, an amount $50 greater than that awarded to Schletker, petitioner's main counsel throughout the proceedings. Petitioner nevertheless contends that the ALJ improperly calculated this award by relying on anecdotal information from past longshore fee awards, rather than examining the market rates payable for comparable work in the Cincinnati/Northern Kentucky area. Petitioner opines that awarding fees in such a fashion ultimately results in the awards being self-referencing and distorted, and the ALJ should have instead relied on the market-based *Laffey* matrices. Petitioner claims that *Geier*, 372 F.3d at 791-92, endorses this view. We disagree.

First, contrary to petitioner's representation, courts are permitted to, and indeed should, consider prior fee awards in determining the proper attorney's fee rate. *See Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Second, our holding in *Geier* did not express a preference for a particular methodology. In *Geier*, we did not remand the case because the district court failed to implement the *Laffey* matrix, but rather remanded the case because the district court failed to provide *any*

discussion of the plaintiff's arguments or, for that matter, even mention that plaintiff had sought a higher fee rate. *Geier*, 372 F.3d at 791. Here, by contrast, the ALJ addressed petitioner's *Laffey* argument at length, before rejecting it on the basis that the evidence proffered by petitioner concerned only rates payable in the District of Columbia. We therefore conclude that petitioner's arguments are without merit.

III.

Because we cannot conclude that the ALJ abused its discretion in calculating the attorney fees in the underlying case, we affirm the decision of the Benefits Review Board.